[No. 1773.]

## Frank Moore v. The State.

Theft — Evidence — Fact Case.— See this case for evidence *held* insufficient to sustain a conviction for theft of property of the value of $20 or over, inasmuch as it fails to establish such value, and therefore fails to prove a felonious theft, as charged.

Appeal from the District Court of Bosque. Tried below before the Hon. Jo Abbott.

The opinion discloses the entire case.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. Appellant was convicted of the theft of property over the value of $20, and his punishment was assessed at five years in the penitentiary. He was charged by the indictment with the theft of one coat, one pair of pants, one vest, two shirts and one pair of drawers, of the aggregate value of $21, the property of Charles Alexander. On the stand as a witness, the prosecutor Alexander testified that the clothing was worth $21, but he says he gave when he bought them $10 for the coat and vest; $5 for the pants; seventy-five cents for the drawers, and from $1.50 to $2 each

for the shirts, making at the outside but an aggregate of $19.75. Subsequently he says that he bought the clothing, which was second hand, for less than it was worth, and that the coat and vest were worth $13. Lon Williams, for the prosecution, first stated that the clothing was worth from $23 to $24. On cross-examination this witness states that the coat was worth about $3; the vest $2.50; the pants $2; the shirts seventy-five cents each, and the drawers fifty cents, making an aggregate value of $8.75.

No objection was made to the charge of the court, and the jury were properly instructed by it as to the difference in punishment where the value of the property was over $20 and where it was under $20. The law was correctly charged, but, in our opinion, the verdict and judgment are against the law and against the evidence as shown by the statement of facts. Wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered November 19, 1884.]